UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CRAIG CARMAN,

    Plaintiff,

v.

UNITEDHEALTHCARE LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, CRAIG CARMAN ("CARMAN"), by and through his undersigned counsel, hereby sues UNITEDHEALTHCARE INSURANCE COMPANY ("UNITEDHEALTHCARE"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq.  CARMAN brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. CARMAN was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. UNITEDHEALTHCARE is a corporation with its principal place of business in the State

of Connecticut that is authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, UNITEDHEALTHCARE, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to CARMAN by UNITEDHEALTHCARE.

6. CARMAN was at all times material a plan participant under Long Term Disability Insurance Policy 306242 (the "LTD Policy"), which is a group Long Term Disability Insurance Policy/Plan issued by UNITEDHEALTHCARE to Spencer Technologies, Inc., which is the Policyholder, Employer, Plan Sponsor and Plan Administrator. It is pursuant to Policy 306242 to which CARMAN is entitled to benefits. A copy of Policy 306242 as provided by UNITEDHEALTHCARE to CARMAN is attached as Exhibit "A".

7. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

8. UNITEDHEALTHCARE is the insurer of benefits under the LTD Policy and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

9. As the decision maker and payer of plan benefits, UNITEDHEALTHCARE administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, UNITEDHEALTHCARE is not entitled to a deferential standard of review.

10. UNITEDHEALTHCARE is the fiduciary charged with making benefit determinations under the LTD Policy, including the determinations made on CARMAN's claim at issue.

11. Pursuant to the terms and conditions of the LTD Policy, CARMAN is entitled to LTD benefits for the duration of his disability, or until age 67 years, so long as he remains disabled as required under the terms of the LTD Policy.

12. According to the LTD Policy,

**Definition of Disabled or Disability:**
The Covered Person is Disabled or has a Disability when We determine that:
1. he is unable to perform some or all of the Material and Substantial Duties of his Regular Occupation due to his Sickness or Injury; and
2. he has a 20% or more loss in Indexed Pre-Disability Monthly Earnings due solely to the same Sickness or Injury; and
3. he is under the Regular Care of a Physician.

13. At all relevant times, CARMAN complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

14. Since on or around July 2, 2019, CARMAN has been disabled under the terms of the LTD Policy.

15. Since on or around July 2, 2019, as a result of accidental bodily injury, sickness, mental illness, or substance abuse, CARMAN has been prevented from performing one or more of the Essential Duties of his Regular Occupation

16. Since on or around July 2, 2019, as a result of accidental bodily injury, sickness, mental illness, or substance abuse, CARMAN has been prevented from performing one or more of the Essential Duties of Any Gainful Occupation, as such is defined by the policy.

17. At all relevant times, CARMAN has been under the appropriate and regular care and treatment of a physician.

18. At all relevant times, CARMAN was a Covered Person under the LTD Policy.

19. Shortly after becoming disabled, CARMAN made a claim under the LTD Policy for disability benefits which were approved and paid from September 30, 2019 though May 10, 2021.

20. By letter dated May 10, 2021, CARMAN was informed by UNITEDHEALTHCARE that it had determined that no further benefits would be payable.

21. CARMAN properly and timely submitted an appeal of UNITEDHEALTHCARE's May 10, 2021 denial letter.

22. By letter dated April 19, 2023, UNITEDHEALTHCARE notified CARMAN of its decision to uphold its previous decision to deny any and all benefits and this correspondence also informed CARMAN that no further appeals would be considered as his administrative remedies had been exhausted.

23. At all relevant times, CARMAN complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

24. CARMAN has not received benefits owed to him under the LTD Policy, despite CARMAN's right to these benefits.

25. UNITEDHEALTHCARE has refused to pay Carman LTD benefits he is rightfully owed.

26. At all relevant times, UNITEDHEALTHCARE was the payer of benefits.

27. At all relevant times, UNITEDHEALTHCARE was the "Insurance Company" responsible for the LTD Policy.

28. At all relevant times, UNITEDHEALTHCARE was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

29. At all relevant times, CARMAN has been and remains Disabled and entitled to LTD benefits from UNITEDHEALTHCARE under the terms of the LTD Policy.

30. CARMAN has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

31. CARMAN incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), CARMAN, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

34. CARMAN has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of UNITEDHEALTHCARE's failure to pay him continued disability benefits.

35. CARMAN has exhausted all administrative remedies under the LTD Policy.

36. Defendant breached the LTD Policy and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to CARMAN at a time when UNITEDHEALTHCARE knew, or should have known, that CARMAN was entitled to those benefits under the terms of the LTD Policy, as CARMAN was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to

the applicable facts and LTD Policy provisions, for the termination of CARMAN's claim for LTD benefits;

(c) After CARMAN's claim was terminated in whole or in part, UNITEDHEALTHCARE failed to adequately describe to CARMAN any additional material or information necessary for CARMAN to perfect his claim along with an explanation of why such material is or was necessary.

(d) UNITEDHEALTHCARE failed to properly and adequately investigate the merits of CARMAN's disability claim and failed to provide a full and fair review of CARMAN's claim.

37. CARMAN believes and thereon alleges that UNITEDHEALTHCARE wrongfully terminated his claim for disability benefits under the LTD Policy by other acts or omissions of which CARMAN is presently unaware, but which may be discovered in this future litigation and which CARMAN will immediately make UNITEDHEALTHCARE aware of once said acts or omissions are discovered by CARMAN.

38. Following the termination of benefits under the LTD Policy, CARMAN exhausted all administrative remedies required under ERISA, and CARMAN has performed all duties and obligations on his part to be performed under the LTD Policy.

39. As a proximate result of the aforementioned wrongful conduct of UNITEDHEALTHCARE, CARMAN has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding CARMAN's claim for benefits, CARMAN, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), CARMAN is entitled

to have such fees and costs paid by UNITEDHEALTHCARE.

41. The wrongful conduct of UNITEDHEALTHCARE has created uncertainty where none should exist. As such, CARMAN is entitled to enforce his rights under the terms of the LTD Policy and to clarify his right to future benefits under the terms of the LTD Policy.

## REQUEST FOR RELIEF

WHEREFORE, CRAIG CARMAN prays for relief against UNITEDHEALTHCARE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claim's administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: September 15, 2023

          ATTORNEYS DELL AND SCHAEFER,
          CHARTERED
          Attorneys for Plaintiff
          2625 Weston Road
          Weston, FL 33331
          Phone: (954) 620-8300
          Fax: (954) 922-6864

          *S/ Rachel Alters*
          RACHEL ALTERS, ESQUIRE
          Florida Bar No: 0106232
          Email: rachel@diattorney.com